IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES NOSAL, individually and as personal
representative of CAROLINE E. NOSAL,

                      Plaintiff,

   v.

THE KROGER COMPANY FOUNDATION, KROGER
LIMITED PARTNERSHIP I, KROGER LIMITED
PARTNERSHIP II, ROUNDY'S FOUNDATION, INC.,
ROUNDY'S SUPERMARKETS, INC., ROUNDY'S
SUPERMARKETS, INC. d/b/a METRO MARKET,

                      Defendants.

OPINION and ORDER

18-cv-479-jdp

---

On February 2, 2016, Caroline Nosal was murdered by a former coworker in the parking lot of the Metro Market where she worked. Caroline's father, James Nosal, filed this lawsuit against the Metro Market, its parent corporation, and several corporate affiliates, individually and on Caroline's behalf. He alleges that defendants violated Title VII of the Civil Rights Act by failing to take adequate measures to protect Caroline from sexual harassment.

Defendants move to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. Among other things, they contend that Nosal's claims are untimely because he failed to file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the allegedly discriminatory conduct. Nosal acknowledges that he didn't file the EEOC charge until two years after Caroline's death, but he argues that the court should equitably toll the limitations period. He also moves to strike a portion of defendants' reply in support of their motion to dismiss, because it relies on evidence from outside the record. Dkt. 16.

The court will grant both motions. Even disregarding the extra-record evidence in the reply brief, it is clear from the face of Nosal's complaint that the suit is untimely, and Nosal does not provide legally sufficient reasons for tolling the limitations period.

ALLEGATIONS OF FACT

The court draws the following facts from Nosal's complaint, Dkt. 1, and accepts them as true for the purpose of deciding defendants' motion. *Parungao v. Comm. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

In 2016, Caroline Nosal was working at Metro Market, a grocery store in Madison, Wisconsin.[1] One of her coworkers, Chris O'Kroley, repeatedly harassed, intimidated, and threatened female employees, including Caroline. Many of these employees complained to human resources about O'Kroley, and his inappropriate and harassing conduct was widely acknowledged and even condoned by management.

On January 22, 2016, O'Kroley sent Caroline a series of sexually harassing and threatening text messages. He told her that she was "such a bad person," and when she asked why, he responded, "Well maybe you should get more dick shoved down your throat." Dkt. 1, ¶ 13. When Caroline asked him to stop, O'Kroley replied, "I wonder what time you work tomorrow." Caroline reported this text exchange to Tim Smith, the Metro Market store director, who reported it to Mark Elliot, the area manager of talent. She also began asking male colleagues to escort her to her car out of fear that O'Kroley might act on his threat.

---

[1] For clarity, the court will refer to Caroline Nosal as Caroline, and James Nosal as Nosal.

Approximately a week later, on February 1, 2016, Metro Market management terminated O'Kroley in response to Caroline's complaint. Management failed to warn Caroline about the termination or to protect her when O'Kroley returned to the Metro Market the next day and murdered her.

On February 23, 2018, Nosal filed a charge of discrimination with the EEOC on Caroline's behalf. On March 22, the EEOC issued Nosal a notice of right to sue. He filed this action on June 22, 2018.

ANALYSIS

To withstand defendants' motion to dismiss under Rule 12(b)(6), Nosal's complaint must have alleged facts sufficient to state a plausible claim for relief, meaning facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The reviewing court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor, but the court is not bound to accept legal conclusions. *Id.* at 827. "[W]hen it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Parungao*, 858 F.3d at 457 (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d. Cir. 2000)).

Defendants say that Nosal's complaint fails to state a claim upon which relief can be granted because Nosal (1) didn't timely file a complaint with the EEOC; (2) failed to exhaust his administrative remedies against four of the defendants; and (3) lacks standing to bring this action in his individual capacity, or to sue defendants that weren't Caroline's "employer" for

3

the purposes of Title VII in a representative capacity. Because the first ground is dispositive, the court need not address defendants' other two arguments.

To bring suit in federal court under Title VII, a plaintiff must first file a charge with the EEOC detailing the discrimination allegations within 300 days of the occurrence of the discriminatory conduct or event in question. 42 U.S.C. § 2000e-5(e); *Haynes v. Indiana Univ.*, 902 F.3d 724, 730 (7th Cir. 2018). In this case, the latest possible date on which defendants could have violated Caroline's rights under Title VII was February 2, 2016, the day she was murdered. According to the complaint, Nosal did not file his EEOC charge until 752 days later, on February 23, 2018.[2] But Nosal says that his charge was timely under the doctrines of equitable tolling and estoppel. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1174 (7th Cir. 1999) (300-day deadline is "subject to waiver, estoppel, and equitable tolling under appropriate circumstances").

## A. Equitable tolling

The doctrine of equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990)). The Seventh Circuit has advised that equitable tolling is "to be applied sparingly in Title VII cases," *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010), and only upon a showing that by the plaintiff that a reasonable person in his position would not have been

---

[2] Statute of limitations defenses generally aren't adjudicated on motions to dismiss under Rule 12(b)(6). But such a motion is "appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (citations and quotation marks omitted).

aware of the possibility of a claim of discrimination at the time it occurred. *Haynes*, 902 F.3d at 731. Even when that standard is satisfied, courts will not grant "an automatic extension of indefinite duration." *Hentosh*, 167 F.3d at 1175. Rather, tolling is appropriate "only for a length of time within which it would have been reasonable to file a complaint." *Haynes*, 902 F.3d at 731.

As an initial matter, Nosal fails to explain what information bearing on the existence of the Title VII claim he lacked access to during the 300-day filing window. In his complaint, Nosal says that he filed an EEOC charge "within 300 days after . . . discovering evidence that Caroline Nosal had suffered sexual harassment at work," Dkt. 1, ¶ 8, but he doesn't say what this evidence was, how and when he obtained it, or why he could not have discovered it before.

Nonetheless, accepting as true Nosal's allegation that he lacked information necessary to the Title VII claim prior to the filing deadline, he fails to show that he acted with the requisite due diligence, or that a reasonable person in his position would not have become aware of the possibility of a Title VII claim during the limitations period. Caroline was killed by a former co-worker, which would have prompted a reasonable person to inquire about the possibility that workplace strife motivated her murder.

Nosal offers three arguments why he was impeded from pursuing Caroline's remedies under Title VII within the limitations period. First, he says that Caroline was "unable to manage her affairs and exercise her legal rights because she was dead," and so she could not have been aware that she had been harassed in possible violation of Title VII. Dkt. 13, at 5–6. But the relevant inquiry is whether *Nosal* was unable to obtain the information necessary to the claim. *See, e.g.*, *Werner v. Potter*, No. 04-C-0557(E), 2006 WL 839156, at *28 (E.D. Wis. Mar. 24, 2006) (in Rehabilitation Act case brought on behalf of decedent by his estate, the

equitable tolling inquiry required "assessment of whether [decedent's ex-wife] took reasonable steps to file her claim after learning of the discrimination . . . being claimed.").

Second, Nosal contends that, because he was not in an employment relationship with defendants, he had no notice of Caroline's rights under Title VII. But employers have no affirmative obligation to inform representatives of their employees' estates of employees' rights under Title VII. It is Nosal's burden to show that a reasonable person in his position couldn't have obtained the information relevant to the existence of a potential Title VII claim about Caroline's death. Nosal doesn't allege that defendants were hiding any information, and he does not claim to have sought any information within the limitations period.

Third, Nosal contends that he was "shaken to the core over the sudden loss of his healthy young daughter in such a vicious manner," and was not in a position "to even begin thinking in . . . terms" of her potential Title VII claims. Dkt. 13, at 6. Nosal's profound grief is understandable. But grief is not a ground for equitable tolling under the law. *See, e.g.*, *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (in affirming dismissal of untimely habeas petition, court determined that attorney's father's death two weeks prior to filing deadline did not entitle petitioner to equitable tolling); *Ocholi v. Wal-Mart Stores E., LP*, No. 12-C-1069, 2013 WL 1759423, at *1 (E.D. Wis. Apr. 22, 2013) (plaintiff not entitled to equitable tolling for death of daughter); *Hines v. Serv. Corp. Int'l*, No. 08 C 856, 2008 WL 2692033, at *3 (N.D. Ill. July 1, 2008) (declining to equitably toll Title VII limitations period despite plaintiff's contention that she was prevented from timely filing by a home foreclosure and her sister's cancer diagnosis).

## B. Equitable estoppel

Nosal's argument in favor of equitable estoppel fares no better. "Equitable estoppel—sometimes referred to as fraudulent concealment—comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." *Hentosh*, 167 F.3d at 1174 (internal citations and quotation marks omitted). Application of the doctrine "denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." *Cada*, 920 F.2d at 451. Where a defendant acts improperly and a plaintiff reasonably relies on that improper conduct in delaying suit, courts can invoke equitable estoppel and toll the limitations period. *Hentosh*, 167 F.3d at 1174.

Nosal contends that equitable estoppel is appropriate here because defendants "did not affirmatively advise [him] of the investigation into Caroline's complaint, the status thereof, or of his rights to take any further action including to the EEOC on Caroline's behalf pursuant to the rights afforded her by Title VII." Dkt. 13, at 8. But again, defendants were under no obligation to affirmatively advise Nosal of his daughter's Title VII rights. Nosal does not identify any actions taken by defendants that prevented him from filing the administrative charge in a timely manner, so equitable estoppel is inappropriate.

Because neither equitable tolling nor equitable estoppel applies to the circumstances at issue here, Nosal's complaint must be dismissed as untimely.

ORDER

IT IS ORDERED that:

1. Defendants Kroger Company Foundation, Kroger Limited Partnership I, Kroger Limited Partership II, Roundy's Foundation, Inc., Roundy's Supermarkets, Inc., Roundy's Supermarkets, Inc. d/b/a Metro Market's motion to dismiss, Dkt. 6, is GRANTED;

2. Plaintiff James Nosal's motion to strike, Dkt. 16, is GRANTED;

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered April 30, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge